```
 1                              THE UNITED STATES DISTRICT COURT
                                FOR THE DISTRICT OF NEW JERSEY
 2                              CIVIL ACTION NO. 09-3177 (FSH)
    - - - - - - - - - - - - - - - - - x
 3                                    :
    CARANT LIMITED PARTNERSHIP, et     :
 4  al.,                               :
                Plaintiffs,            :   TRANSCRIPT
 5          -vs-                       :      OF
                                       :   PROCEEDINGS
 6  STATE OF NEW JERSEY, et al.,       :
                                       :
 7              Defendants.            :
    - - - - - - - - - - - - - - - - - x
 8

 9                              March 9, 2010
                                Newark, New Jersey
10
    B E F O R E:   HONORABLE FAITH S. HOCHBERG, U.S.D.J.
11

12  A P P E A R A N C E S:

13

14              MC KIRDY & RISKIN, ESQS.,
                BY:   EDWARD D. MC KIRDY, ESQ.,
15                    &
                      RICHARD DE ANGELIS, ESQ.,
16              Attorneys for the Plaintiffs

17              PAULA T. DOW, ESQ.,
                Attorney General, State of NJ
18              BY:  BARBARA CONKLIN, ESQ.,
                Deputy Attorney General
19              Attorney for the Defendant State of NJ
    ANYONE INTERESTED IN PURCHASING A COPY OF THIS TRANSCRIPT
20  MAY CONTACT JOHN STONE 973 824-4483 - jkstoneage@verizon.net

21  _____
    Purusant to Section 753 Title 28 United States Code, the
22  following transcript is certified to be an accurate record
    stenographically in the above entitled proceedings.
23
    s/ John K. Stone
24  _____
    JOHN KEVIN STONE,
25  Official Court Reporter
```

JOHN KEVIN STONE, CSR

```
 1                    *       *       *
 2              THE COURT:  The parties have negotiated and reached
 3      a settlement of Civil Action Number 09-3177, and I am going
 4      to allow plaintiffs counsel to put on the record what he
 5      believes the settlement is.
 6              I will then ask counsel for the State of New Jersey
 7      whether they agree that it fairly and accurately states the
 8      settlement that's been reached, and then I will ask the
 9      individual clients whether they concur in the settlement.
10              So you can go go ahead and state what it is.
11              MR. MC KIRDY:  Thank you, Your Honor.
12              My understanding of the settlement that was reached
13      with reference to the matter presently before the Court is
14      as follows:
15              (1)  The state agrees to and will waive all
16      provisions relating to what we've designated the forced
17      offer requirement, as it appears in Section G, excuse me, of
18      the relevant regulation.
19              (2)  The plaintiff will consent to dismissal of its
20      present complaint without prejudice.
21              (3)  The parties agree that any statute of
22      limitations will commence to run at the conclusion of the
23      waiver application process.
24              THE COURT:  Before the DEP.
25              MR. MC KIRDY:  Before the DEP, which -- yes, Your
```

1    Honor.
2             THE COURT:  All right.
3             Does counsel for the State of New Jersey concur
4    that that is a fair and accurate thumbnail of the
5    settlement?
6             MS. CONKLIN:  Yes.
7             And the reference is N.J.A.C. 7:38-6.8, Subsection
8    G, that is the section, that which we will be waiving with
9    respect to the property in the complaint.
10            THE COURT:  So the provision of N.J.A.C. --
11            MS. CONKLIN:  A.C.
12            THE COURT:   -- 7:38-6.8 G, to the extent it
13   requires the plaintiffs to put the property -- offer the
14   property for sale before being permitted to seek a waiver
15   based on hardship from the DEP will not be enforced as
16   between these parties.
17            MS. CONKLIN:  Correct.
18            And it is only between these parties.
19            THE COURT:  Right.
20            And this governs, this settlement governs these
21   parties.  Does everyone agree that that's the correct
22   statutory section?
23            MR. DE ANGELIS:  That I was going to ask that.
24            THE COURT:  Yes, me too.
25            MS. CONKLIN:  That's correct.

```
 1                    THE COURT:  Yes.
 2                    MR. MC KIRDY:  Agree.
 3                    THE COURT:  I'm going to have my intrepid law clerk
 4           check and be sure that's the right section.
 5                    THE LAW CLERK:  7:38-6.8 G.  Yes.
 6                    THE COURT:  Okay.
 7                    I think it's a smart thing to do.  We've had some
 8           discussions off the record.  I think it would behoove you to
 9           to follow-up, just to figure out the best way to create
10           greater clarity going forward for others in the discretion
11           of the commissioners, obviously.
12                    I think you understand well the metes and bounds of
13           regulation versus inverse condemnation and that wise heads
14           will prevail.
15                    And if there -- the only provision that I'm stating
16           on the record is one I told the parties, which is that if
17           they're -- at the conclusion of the hardship waiver process
18           at the state administrative level, if the plaintiffs are
19           still unsatisfied and wish to seek further relief or claim
20           that there is a taking, they will follow the procedure to
21           take that ruling up through the state courts of New Jersey.
22                    Anything further?
23                    MR. MC KIRDY:  Thank you, Your Honor.
24                    THE COURT:  You're welcome.
25                    MR. MC KIRDY:  Let me thank you for your courtesy
```

1     throughout.
2             THE COURT:  My pleasure.
3             MS. CONKLIN:  Thank you for your patience.
4             THE COURT:  That's what I'm here for.
5             MR. DE ANGELIS:  Thank you, Your Honor.
6             THE COURT:  Really, thanks for sound heads
7     prevailing.  It makes a lot more sense to go this way than
8     to spend a ton more money on both sides continuing federal
9     litigation, which is time consuming, expensive, and
10    everybody has better things to do.
11            I'll see you hopefully only on the next case.?
12            MR. MC KIRDY:  Thank you.
13            THE COURT:  Thank you.  We'll enter a 30 day order.
14    I'll expect you both to file -- we're entering a 30 day
15    order dismissing the case as settled.
16            The action will, if you want to just take what the
17    court reporter has taken down now and convert it into a one
18    page order.  If you'd prefer not to, we can simply say the
19    case has been settled.  You know what, I think for this case
20    it's better for me to just say the case is dismissed as
21    settled pursuant to the terms set forth on the record and
22    retained by Judge Hochberg in her chambers.
23            MR. MC KIRDY:  Okay.
24            MS. CONKLIN:  Are you okay with that?  I am as
25    well.

1                MR. MC KIRDY:  That's satisfactory.
2                THE COURT:  Okay.  Will do.
3           Thank you.
4                MR. MC KIRDY:  Thank you Your Honor.
5                MS. CONKLIN:  Okay.  Thank you.
6                MR. DE ANGELIS:  Thank you, Your Honor.
7                THE COURT:  Okay.
8           So we don't need to enter a 30 day, it is dismissed
9      as of this point in accordance with the terms set forth on
10     the record.
11               ( Court adjourned ).
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Case 2:09-cv-03177-FSH -PS   Document 37   Filed 04/24/10   Page 7 of 7 PageID: 424